IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALCARIO B. SOLIZ, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. __5:19-cv-524__ |
| | § | |
| CITIMORTGAGE, INC., | § | |
| *Defendant.* | § | |

## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant CitiMortgage, Inc., ("CMI") hereby removes this action from the 45th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and as grounds for removal state as follows:

### I.   STATE COURT ACTION

1. On May 6, 2019, Plaintiff Alcario B. Soliz ("Plaintiff") filed Plaintiff's Original Petition, Application for Temporary Restraining Order and Application for Injunction (the "Complaint") in the 45th Judicial District Court of Bexar County, Texas, styled *Alcario B. Soliz v. CitiMortgage, Inc.,* Cause No. 2019CI09118 (the "State Court Action").

2. In the State Court Action, Plaintiff seeks to prevent the foreclosure sale of the real property located at 131 Banbridge, San Antonio, Texas, 78223 (the "Property"). *See* Compl. at 2. Plaintiff baldly asserts a host of deficiencies in the servicing of a home mortgage loan and related foreclosure processing, specifically that CMI failed to maintain an accurate record of payments; that CMI failed to provide a reinstatement or payoff quote to Plaintiff upon request; that CMI "dual tracked" the loan by proceeding with foreclosure while loan modification applications were pending; that CMI made false and/or misleading representations regarding the

1

loan modification; and that the notice of foreclosure sale was deficient because it failed to provide contact information for the trustee. *See generally id.* On the basis of these allegations, Plaintiff seeks injunctive relief, actual damages and attorney's fees, and seeks the Court to order CMI to provide a response to prior loan modification applications as well as an accounting. *See generally id.*

3. With this Notice of Removal, CMI removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II.   PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§ 124(d)(4), 1441, 1446(a).

5. This removal is timely because it is being filed within thirty days of CMI being served or otherwise making an appearance in the State Court Action. 28 U.S.C. § 1446(b).

6. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7. Pursuant to 28 U.S.C. § 1446(d), CMI is, simultaneously with the filing of this Notice of Removal, (1) serving Plaintiff with a copy of the Notice of Removal, and (2) filing a copy of the Notice of Removal in the 45th Judicial District Court of Bexar County, Texas.

## III.   DIVERSITY OF CITIZENSHIP

8. The Court has diversity jurisdiction in this matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000, an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as CMI. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

**A.     Diversity of Citizenship**

9.     Plaintiff is each a natural person, so his citizenship for diversity purposes is determined by "where [he is] domiciled, that is, where [he is] a fixed resident with the intent to remain there indefinitely." *Margetis v. Ray*, No. 3:08-CV-958-L, 2009 WL 464962, at *3 (N.D. Tex. Feb. 25, 2009) (citing *Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985)). Plaintiff is domiciled in Texas. *See* Compl. at 2. Therefore, Plaintiff is a citizen of Texas for diversity purposes.

10.    CMI is a New York corporation with its principal place of business located in O'Fallon, Missouri. Therefore, CMI is a citizen of New York and Missouri for diversity purposes. *See* 28 U.S.C. § 1332(c)(1); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

11.    Because Plaintiff is a citizen of Texas and CMI is a citizen of New York and Missouri, there is complete diversity among the parties. *See* 28 U.S.C. § 1332(c)(1).

**B.     Amount in Controversy is also satisfied.**

12.    The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002);

*Greenberg*, 134 F.3d at 1253.  "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).  To determine the amount in controversy, a court may consider actual damages, exemplary damages, and attorney fees.  *White*, 319 F.3d at 675–76.

13.     "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."  *Farkas v. GMAC Mortgage, LLC*, 737 F.3d 338, 341(5th Cir. 2013) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *Martinez v. BAC Home Loans Servicing*, 777 F. Supp. 2d. 1039, 1044 (W.D. Tex. 2010).  Specifically, the *Farkas* Court held that: "[i]n actions enjoining a lender from transferring property and preserving an individual's ownership interest, it is the property itself that is the object of the litigation; the value of that property represents the amount in controversy."  *Id.* (citing *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973)).  Thus, "'[w]hen . . . a right to property is called into question in its entirety, the value of the property controls the amount in controversy.'"  *Nationstar Mortgage LLC v. Knox*, No. 08-60887, 351 Fed. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.,* 541 Fed. App'x. 340, 342 n.2, (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, No. 11-51206, 485 Fed. App'x 8, 9 (5th Cir. 2012) (relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims).

14.     Because Plaintiff is seeking injunctive relief, the amount in controversy is determined by the value of the Property.  *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13,

2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . . .")).  According to the Bexar Central Appraisal District, the current value of the Property is $110,740.  A true and correct copy of the Bexar Central Appraisal District property information is attached hereto as **Exhibit B**.[1]  Thus, the value of the Property alone satisfies the amount in controversy requirement.

15. Although CMI vehemently denies that Plaintiffs are entitled to any injunctive relief or damages, once the value of the Property and damages sought are included in the amount in controversy calculus, it is clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

16. Because there is complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and removal is proper.

## IV.  PRAYER

WHEREFORE, Defendant CitiMortgage, Inc., removes this action from the 45th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, CMI respectfully requests that the Court take judicial notice of the Bexar Central Appraisal District tax record for the Property.  CMI does not contend that this particular appraisal constitutes the most accurate valuation of the Property.  Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Elizabeth Hayes*

**B. David L. Foster**
Texas Bar No. 24031555
dfoster@lockelord.com
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)

**Elizabeth Hayes**
Texas Bar No. 24069001
elizabeth.hayes@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (facsimile)

**ATTORNEYS FOR CMI**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served as indicated on this 16th day of May, 2019, to the following:

**VIA U.S. CERTIFIED MAIL**
Oscar L. Cantu
Law Office of Oscar L. Cantu
1004 S. St. Marty's St.
San Antonio, TX 78502
R3Oscar@aol.com
*Attorney for Plaintiff*

/s/ *Elizabeth Hayes*
Elizabeth Hayes

71551048v.1 1800000/32354